

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-79,132-02 & WR-79,132-03

### EX PARTE GABRIEL VILLARREAL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 21,484-A & 21,485-A IN THE 258TH DISTRICT COURT
### FROM POLK COUNTY

*Per curiam*. KELLER, P.J., and YEARY and SLAUGHTER, JJ., dissented.

## O P I N I O N

A jury found Applicant guilty of aggravated sexual assault of a child in cause number 21, 484. Prior to the punishment phase, Applicant entered into a plea agreement and was sentenced to fifty years' imprisonment for that offense. Pursuant to that agreement, Applicant also pleaded guilty in cause number 21,485 to aggravated sexual assault of a child (count I) and indecency with a child (count II) and was sentenced to fifty-years' imprisonment for count I and twenty years' imprisonment for count II, to run concurrently with each other and with the sentence in cause number 21,484. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective in cause number

21,484 because he failed to adequately investigate the case and to call available defensive witnesses during guilt-innocence. Based on the record, the trial court determined that trial counsel's performance was deficient and that Applicant was prejudiced. The trial court also determined that trial counsel's conduct in cause number 21,484 adversely affected and caused the guilty plea in cause number 21,485. It recommended granting relief in both cases. This Court thereafter remanded the cases a second time so that the trial court could make supplemental findings regarding the details of the offense in cause number 21,485, including whether it was part of a package deal with cause number 21,484. *Ex parte Cox*, 482 S.W.3d 112 (Tex. Crim. App. 2016). The trial court has made the requested supplemental findings, including that these cases were part of package deal. Now that the record is complete, we agree.

Relief is granted. *Strickland v. Washington*, 466 U.S. 668 (1984). The judgments in cause numbers 21,484 and 21,485 in the 258th District Court of Polk County are set aside, and Applicant is remanded to the custody of the Sheriff of Polk County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 27, 2023
Do not publish